# AKIN LAW GROUP PLLC
**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel. (212) 825-1400   Fax. (212) 825-1440

October 27, 2022

**Via ECF**
The Honorable Marcia M. Henry, U.S.M.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *Rodriguez v. Quality Automotive Services, Inc., et al.*
         Case No. 1:21-cv-00410 (HG)(MMH)

Dear Judge Henry:

  This firm represents Plaintiff, Roberto Rodriguez, Jr., in the above-referenced matter. Defendants are represented by John F. Lagan, Esq. ("Mr. Lagan"), of the Law Offices of John F. Lagan. Pursuant to this Court's Order of October 6, 2022, issued subsequent to the parties' in-person status conference, Plaintiff writes to provide the Court with a status report as to Defendants' compliance with discovery. See Minute Entry and Order of October 6, 2022. In light of Defendants' non-compliance with the Court's Order, Plaintiff further writes to respectfully renew his application for an Order imposing sanctions—including terminating sanctions—against Defendants under Fed. R. Civ. P. 37, scheduling this matter for an inquest as to Plaintiff's damages, and awarding attorney's fees and costs to Plaintiff. Id, see also Dkt. 27. Plaintiff further respectfully requests the Court permit a one-page enlargement of Plaintiff's page limit for this status report and application.

**Relevant Procedural and Factual History**[1]

  On August 30, 2022, the Court conducted a telephonic hearing on Plaintiff's motion for discovery and sanctions pursuant to Fed. R. Civ. P. 37, as a result of Defendants' prolonged failure to provide Plaintiff with discovery responses and responsive documents. A copy of Plaintiff's original discovery demands served on Defendants is attached hereto as Exhibit "A". As the hearing commenced, Mr. Lagan emailed the undersigned certain documents. The Court, noting Defendants' deficiencies and lack of reasonable excuse for their failure to provide discovery, denied Plaintiff's motion without prejudice and put all parties on notice that, "Failure to comply with their discovery obligations could result in adverse consequences, including but not limited to monetary and other sanctions." See Minute Entry and Order of August 30, 2022. The Court further directed, "By 09/13/2022, Plaintiff shall review Defendants' 08/30/2022 document production and advise Defendants in writing regarding deficiencies. By the same date, Plaintiff shall serve responses to Defendants' discovery demands," and scheduled an in-person status

---

[1] In the interests of judicial economy, Plaintiff summarizes only the procedural and factual history immediately relevant to the Court's October 6, 2022 Order. For a more complete procedural and factual history, Plaintiff respectfully refers the Court to his original motion to compel and for sanctions and other relief. (Dkt. 27). For a more complete procedural and factual history of Defendants' similar conduct in the *Laboy* action pending in this District, Plaintiff respectfully refers the Court to the docket of the case captioned *Laboy v. Quality Automotive Services, Inc., et al.*, Case No. 1:21-cv-02501 (NM)(RML).

conference for October 6, 2022, requiring the presence of Defendants to ensure they understood their discovery obligations. Id, see also Scheduling Order of August 31, 2022.

On September 13, 2022, Plaintiff timely complied with the Court's Order, serving on Defendants, by separate .pdf emails to Mr. Lagan, Plaintiff's Responses to Defendants' First Set of Interrogatories and a Second Discovery Deficiency and Good Faith Letter ("Second Deficiency Letter"). A copy of Plaintiff's Second Deficiency Letter is attached hereto as Exhibit "B". Twenty-two (22) minutes after receiving the email containing Plaintiff's Second Deficiency Letter, Mr. Lagan replied by email, "Thanks, Justin." Between September 13, 2022, and the in-person status conference held on October 6, 2022, Defendants did not respond to Plaintiff's Second Deficiency Letter or produce any further responses or responsive documents.

On October 6, 2022, all parties and counsel appeared before the Court for the in-person status conference. At the conference, the undersigned described Plaintiff's timely compliance with the Court's Order and Defendants' continued non-compliance, including Defendants' failure to respond, to supplement their discovery responses, or to produce any further documents in response to Plaintiff's Second Deficiency Letter.[2] Plaintiff orally renewed his motion for sanctions. The Court, noting that the excuses proffered by Mr. Lagan for Defendants' non-compliance were not acceptable, gave Defendants a final opportunity to fully comply with their discovery obligations before imposing sanctions, denying Plaintiff's motion with leave to renew. Additionally, the Court took great care to explain directly to Defendants and Mr. Lagan, in detail, their discovery obligations and the consequences of non-compliance. Concluding the conference, the Court Ordered Defendants to produce in this case relevant documents produced by Defendants in the *Laboy* action by 5:00 p.m. that day. See Minute and Entry Order of October 6, 2022. The Court further Ordered the parties to immediately meet and confer following the conference regarding Defendants' outstanding deficiencies, in light of Mr. Lagan's claim that he did not recall receiving Plaintiff's Second Deficiency Letter. Id.

Immediately following the October 6, 2022, conference, Mr. Lagan and the undersigned met and conferred regarding Defendants' deficiencies. The undersigned handed Mr. Lagan a physical copy of Plaintiff's Second Deficiency Letter, and the undersigned indicated it was essential Defendants produce all work schedules from March 1, 2017, to July 17, 2020, all dispatch logs from March 1, 2017, to July 17, 2020, and any documents reflecting Plaintiff's pay. On October 6, 2022, at 5:00 p.m., Mr. Lagan emailed the undersigned 83 documents—printed work schedules for 2019 and part of 2020, Defendant Quality's Minutes and Bylaws, and what Defendants' purport to be Plaintiff's personnel file. Although Mr. Lagan's email containing this production stated, "I will have more documents responsive to plaintiff's request within the next few days," Defendants have not produced any further documents or provided any additional responses.

**Scope of Defendants' Non-Compliance**

---

[2] At the conference, the undersigned inadvertently misstated the date Plaintiff served his responses to Defendants' First Set of Interrogatories as September 12, 2022. Plaintiff served his responses to Defendants' First Set of Interrogatories on September 13, 2022, in compliance with the Court's Order of August 30, 2022. The undersigned apologizes to the Court for the error.

The scope of Defendants' continued non-compliance with their discovery obligations and the Court's prior Orders is extensive and continuing. Defendants' non-compliance includes:

i) <u>Failure to produce in this action relevant documents produced in the *Laboy* action.</u>[3] Defendants were Ordered to produce, on or before October 6, 2022, at 5:00 p.m., all documents relevant to this action which were produced in the *Laboy* action. Defendants failed to produce many of the aforementioned documents including, but not limited to printed work schedules from March 1, 2017, through December 27, 2018 (several of which identify Plaintiff) and Defendants Quality's partial federal tax records for 2017-2020. The printed work schedules from March 1, 2017, through December 27, 2018 produced by Defendants in the *Laboy* action on October 5, 2022, concretely establish that Defendants' of handwritten schedules for identical time periods—produced in this action on August 30, 2022—are fraudulent. While Defendants' fraud is not the subject of this application, the apparent motivation for Defendants' failure to produce in this action the same printed schedules they produced in the *Laboy* action is to obfuscate their fraudulent production in this action. In the event the Court declines to recommend terminating sanctions based upon Defendants' continued non-compliance with discovery pursuant to Fed. R. Civ. P. 37, Plaintiff respectfully requests the Court permit Plaintiff to file an application for sanctions, including terminating sanctions, pursuant to Fed. R. Civ. P. 26(g)(3) for Defendants' fraudulent disclosures and the Court's inherent authority for Defendants' commission of a fraud upon the Court. *See Lawrence v. City of N.Y.*, No. 15cv8947, 2018 U.S. Dist. LEXIS 126010 (S.D.N.Y. July 27, 2018); *see also Esposito v. Suffolk Cty. Cmty. Coll.*, 517 F. Supp. 3d 126 (E.D.N.Y. 2021).

ii) <u>Failure to respond to Plaintiff's First Request for the Production of Documents and to Plaintiff's Second Deficiency Letter.</u> Defendants have not responded to Plaintiff's First Request for the Production of Documents, in violation of Fed. R. Civ. P. 34(b)(2)(A) and (B). Defendants similarly failed to provide any response to Plaintiff's Second Deficiency Letter.

iii) <u>Failure to produce discoverable documents, including nearly all documents identified in Plaintiff's Second Deficiency Letter.</u> In his Second Deficiency Letter, Plaintiff identified 19 categories of documents (comprising 54 requests) which Defendants failed to produce entirely and three categories of documents for which Defendants production was incomplete. When counsel met and conferred, the undersigned stressed the importance of the complete set of work schedules, complete set of dispatch logs, and any record of Plaintiff's pay. Plaintiff also identified specific areas in which Defendants' production was haphazard, disorganized, illegible, or indecipherable. Defendants subsequently produced only 83 additional documents consisting of partial schedules, Defendant Quality's Minutes and Bylaws, and four (4) pages of Plaintiff's personnel file. Plaintiff's personnel file indicates Plaintiff was an "ex-employee" of

---

[3] Hon. Robert M. Levy, U.S.M.J., has stated he will impose sanctions as a result of Defendants' non-compliance with their discovery obligations in the *Laboy* action, and that Defendants' failure to fully comply with their discovery obligations by the next deadline will likely result in a recommendation for the imposition of terminating sanctions. See *Laboy v. Quality Automotive Services, Inc., et al.*, Case No. 1:21-cv-02501 (NM)(RML), Minute Entry of October 19, 2022.

      Defendants when he completed a job application dated June 1, 2018. Defendants did not produce any additional dispatch logs, any additional pay records, or printed schedules from March 1, 2017, through December 27, 2018, during which Plaintiff performed work for Defendants. Additionally, Defendants did not correct any of the identified organizational or legibility issues.

iv) <u>Failure to correct any of the deficiencies in responding to Plaintiff's First Set of Interrogatories, as identified in Plaintiff's Second Deficiency Letter</u>. Plaintiff identified 14 deficiencies in Defendants' Responses to Plaintiff's First Set of Interrogatories in his Second Deficiency Letter. Defendants did not supplement their Interrogatory responses or provide any additional information or clarification regarding their responses.

**Conclusion**[4]

      Defendants' extensive non-compliance with their discovery obligations and the Court's Orders continues, despite the Court's clear warnings of the consequences of Defendants' continued non-compliance to both Defendants and their counsel. The Court and Plaintiff have expended, unnecessarily, an inordinate amount of resources attempting to secure Defendants' compliance with their basic discovery obligations. As a result of Defendants' grossly deficient production of documents and responses, Plaintiff has suffered and continues to suffer substantial prejudice, and he cannot proceed with his case. For the reasons set forth above, in Plaintiff's original motion for discovery and sanctions, and in the Court's Orders of August 30, 2022, and October 6, 2022, Plaintiff respectfully requests the Court impose monetary and other sanctions pursuant to its own power under Fed. R. Civ. P. 37 and issue a Report and Recommendation to Hon. Hector Gonzalez, U.S.D.J., for the imposition of terminating sanctions and entry of a default judgment against Defendants pursuant to Fed. R. Civ. P. 37, the scheduling of this matter for an inquest as to Plaintiff's damages, and awarding Plaintiff attorney's fees and costs.

      We thank the Court for its attention to this matter.

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Justin Ames*
Justin Ames
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
*Attorneys for Plaintiff*

cc: All parties (Via ECF)

---

[4] Plaintiff incorporates, relies upon, and respectfully refers the Court to the cited statutory authority and precedential case law set forth in Plaintiff's initial motion for sanctions (Dkt. 27) as the legal basis for Plaintiff's renewed motion.