# Law Offices of John F. Lagan

**44-02 23rd Street, Suite 107**
**Long Island City, New York 11101**
Tel: (718) 932-2550 / Fax: (718) 361-2435

JOHN F LAGAN, ESQ

RAMON A MARTINEZ, JR , ESQ , *of Counsel*

September 13, 2023  **VIA ELECTRONIC CASE FILING (ECF)**

Marcia M. Henry, United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 504N
Brooklyn, New York 11201

**RE:   RODRIGUEZ V. QUALITY AUTOMOTIVE SERVICES, INC., ET AL.**
**1:21-CV-00410-HG-MMH (EDNY)**

Dear Judge Henry:

This office represents Defendants Quality Automotive Services, Inc. ("Quality"), Roseanne Benjamin, Anthony Alfaro, and Hratch Ketchelian.

Defendants object to the Report and Recommendations dated August 31, 2023 ("Report"):

i) Defendants did not default in response to Plaintiff Roberto Rodriguez's attorney's letter under date February 22, 2023 ("Letter");
ii) Defendants did not falsify documents or fabricate evidence;
iii) This Court did not order Defendants to produce the tow records after Defendants offered Plaintiff Roberto Rodriguez the opportunity to inspect and copy same at any time convenient to him.

<u>Defendants Did Not Default in Response to Plaintiff's Letter</u>.

Defendants did not leave Plaintiff's Letter unopposed; the Court did not set forth a briefing schedule as it routinely does.[1] Defendants fully intended to context Plaintiff's allegations and Defendants in fact did produce for inspection the entirety of Defendants' "tow job records" as requested.

The Court appears to be relying on proceedings had in another matter brought by Plaintiff's counsel under caption Laboy v. Quality Automotive Services, Inc., et al. (1:21-cv-02501 (NM)(RML)) At a hearing in that case before Magistrate Judge Robert M. Levy, Plaintiff's attorney demanded <u>all</u> "tow job records" for the relevant statutory period, and Judge Levy ordered that such documents be produced. Defendants located the requested records and offered them up for inspection and copying. Plaintiff's counsel, however, complained that somewhere around 15,000 pages of documents are a "document dump", apparently neglecting to envision that a tow truck company, making about 8 tow

---

[1] See, e.g., Docket Text dated August 10, 2022. ORDER re [27]: Defendants shall respond to Plaintiff's motion to compel and for sanctions in no more than three pages by 08/16/2022. So Ordered by Magistrate Judge Marcia M. Henry on 08/10/2022. (Heery-Hyatt, Micaela)

Marcia M. Henry, U.S.M.J.  
September 13, 2023  
Page 2

LAW OFFICES OF JOHN F. LAGAN

jobs per day, 365 days per year, for six years, might generate so many records, nearly none of which would be relevant to his client's claims. But that is what he demanded and that is what Judge Levy orderd.

Defendants' production of these records for inspection was not a joke, and not frivolous or a "document dump". It was a direct and complete response to Judge Levy's direction. Later, in June of this year, Judge Levy ordered Defendants to cull the records and produce only those records which indicated a dispatch for Mr. Laboy. Defendants did so at great expense in both time and money.

However, this Court never addressed Defendants' production of the "tow job records" for inspection and did not ask for a briefing regarding same. Defendants have a rational argument that their production of documents for inspection, kept in the manner they store such documents in the ordinary course of business, comports with their disclosure obligations pursuant to the Federal Rules of Civil Procedure. The fact that Plaintiff's counsel prefers not to inspect all of the records he demanded notwithstanding.

The sudden appearance of this Report, the evening before the long Labor Day weekend started, with extremely tight deadlines (service of the Report was ordered to occur on the next morning, the Friday before Labor Day weekend when this office happened to be closed), and six months after the Court's last communication in this matter, without having set forth a briefing schedule, was shocking. This Report seems to rely on Judge Levy's reasoning, but this Court did not order Defendants to rely on Judge Levy's opinions in this matter, and it should not.

<u>Defendants Did Not Falsify Documents or Fabricate Evidence</u>.

The Court speculates that Defendants "may have manipulated or fabricated documents in direct contravention of the Court's oral order at the October 6, 2022 hearing." (Doc. No.: 37, pg. 7.)

Defendants did not, and this Court never inquired into the reason for the two sets of schedules, nor make any finding related to Defendants' documents produced. Nevertheless, this Court bases its Report in part upon such speculation.

Defendant Quality maintains two sets of schedules, one for the regularly scheduled hours for its "on the books" employees, including Noel Laboy (plaintiff referenced above), Defendant Hratch Ketchelian, a mechanic who works on Quality's tow trucks, Josie Gonzalez, Quality's bookkeeper, and another recording the actual work hours of its "off the books" workers, generally the tow truck drivers.

Plaintiff's counsel's insinuation that Defendants fabricated documents is wholly without merit and wholly without inquiry by this Court. Defendants have produced over 400 pages of documents to date relating to Plaintiff Rodriguez's time with Quality. The documents produced show that Plaintiff may be entitled to federally mandated overtime and New York State law payroll violations and spread of hours pay of approximately $13,500, yet Plaintiff Rodriguez demands $320,000 (15 hours per day, 6 days a week, never missed a day) in damages.

Furthermore, Defendants are prepared to cull and produce (again, at great expense in time and money and which costs the plaintiff nothing) the "tow job records" relating to only Plaintiff Rodriguez if required by this Court. Motions in this Court should not be decided by the Laboy Court unless Defendants are given notice that Judge Levy is presiding over this matter.

Marcia M. Henry, U.S.M.J.  
September 13, 2023  
Page 3

LAW OFFICES OF JOHN F. LAGAN

Defendants anticipate that such records will support their contention that Plaintiff Rodriguez did not work 15 hours a day, 6 days a week.

<u>This Court Did Not Order Defendants to Produce the Tow Records</u>.

The "tow job records" are not payroll records nor schedules of Plaintiff Rodriguez's work time. Plaintiff's counsel at some point became aware that dispatch records were kept by Defendant Quality, and demanded <u>all</u> of them. As set forth above, counsel later complained that Defendants' production for inspection of at least 15,000 pages of dispatch records was a "document dump". To the contrary, this is exactly what counsel demanded and Judge Levy first ordered.

Defendants made the same production available to Plaintiff, and Plaintiff's counsel made the same complaints in this matter despite the fact that relevant records span only a short period of time, part of 2017 and parts of 2019-2020, rather than Mr. Laboy's continuous six years (plus Covid tolling time).

Defendants should not be sanctioned for not complying with an order from a sister court when they in good faith believed that they have a rational reason they complied with the federal rules for producing documents for inspection rather than copying and delivering a certain subset of the documents demanded by counsel – later, after realizing what he had done – and without briefing to this Court.

Finally, while the Court is guided by precedence to give deference to the Plaintiff's claims unsupported by anything other than Plaintiff's bald statements[2], the Court is not required to accept at face value claims clearly unsupported by any evidence whatsoever, particularly when clearly contradicted by contemporaneously maintained records.[3]

Terminating sanctions are not appropriate in this case.

Thank you for your time and attention to this matter.

Respectfully,  
**LAW OFFICES OF JOHN F. LAGAN**  
*Attorneys for Defendants*

John F. Lagan

cc: Justin Ames, Esq (via ECF)  
JFL/mf

---

[2] Plaintiff produced four (4) pages of documents in this matter: his driver's license; a want ad; and two weekly schedules (1/23/2202 and 3/19/2020) that show he was not regularly required to work over 40 hours per week.

[3] If Plaintiff's counsel is inclined to insinuate that any or all of Defendants' records are fabricated, he is welcome (as is this Court) to inspect any of the original records previously produced, as well as all of the "tow job records" he declined to inspect for the underlying motion.