**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

ROBERTO RODRIGUEZ, JR.,                                        Case No.: 1:21-cv-00410-HG-MMH

                     Plaintiff,

       -against-

QUALITY AUTOMOTIVE SERVICES, INC.,
ROSEANNE BENJAMIN, ANTHONY ALFARO,
and HRATCH KETCHELIAN,

                     Defendants.

-------------------------------------------------------------X

---

## PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE HENRY'S AUGUST 31, 2023 REPORT AND RECOMMENDATION

---

Justin Ames
**AKIN LAW GROUP PLLC**
Attorneys for Plaintiff
45 Broadway, Suite 1420
New York, New York 10006
Tel. (212) 825-1400
Fax. (212) 825-1440

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ……………………………………………………………..i

PRELIMINARY STATEMENT ……………………………………………………………1

STATEMENT OF FACTS AND PROCEDURAL HISTORY …………………………….3

ARGUMENT …………………………………………………………………………..3

I.  THE R&R MUST BE REVIEWED ONLY FOR CLEAR ERROR …….…..……...…..3

   A.  The Applicable Standard of Review …………………………………………...3

   B.  Defendants' Objections Misrepresent and Misunderstand the Basis for the R&R's Reasoning and Conclusion ...…………………………………………………...4

      i.  Defendants' First Objection Misrepresents the Application to which the R&R is Responsive ...…………………………………………………..4

      ii.  Defendants' Second Objection, Asserting that Defendants did not Fabricate Evidence, is Facially Incredible, Untimely, and is not Relied upon by the Court to Reach the Reasoning and Conclusion of the R&R…5

      iii.  Defendants' Third Objection—Asserting that this Court was Obligated to Provide them with an Order to Produce the Tow Records— Misunderstands the Court's Basis for the R&R's Reasoning and Conclusion and Defendants' Discovery Obligations……………………..8

II.  DEFENDANTS WERE AFFORDED AMPLE NOTICE OF THE SANCTIONS SOUGHT AND AN OPPORTUNITY TO BE HEARD …………………………12

   A.  Due Process Prerequisites for the Imposition of Case Terminating Sanctions .....12

   B.  Defendants were Repeatedly Apprised that Plaintiff Sought—and the Court would Consider—Entry of a Default Judgment against them Pursuant to Fed. R. Civ. P. 37 for their Continued Discovery Non-Compliance ...…………………………..13

   C.  The Court Afforded Defendants Multiple Opportunities, in Writing and through Oral Argument, to be Heard in Opposition to the Imposition of Case Terminating Sanctions …………………………………………………………..…14

CONCLUSION ………………………………………………………………………16

**<u>TABLE OF AUTHORITIES</u>**

**Cases**

*Aristidou v. Aviation Port Servs., LLC*, No. 18-CV-4040 (MKB) (RER), 2020 U.S. Dist. LEXIS 31348 (E.D.N.Y. Feb. 21, 2020), *adopted by* 2020 U.S. Dist. LEXIS 31348 (E.D.N.Y. Feb. 21, 2020)………………………………………………………………………………..…………..11, 12

*Brown v. Smith*, No. 09-CV-4522, 2012 U.S. Dist. LEXIS 19222, at *3 (E.D.N.Y. Feb. 14, 2012)……………………………………………………………………………………………3

*Dimitri Enters. v. Spar Ins. Agency LLC*, No. 21-1722-cv, 2022 U.S. App. LEXIS 27930 (2d Cir. Oct. 6, 2022)……………………………………………………………………………...…2

*Gutman v. Klein*, 2008 U.S. Dist. LEXIS 97707, at *2-4 (E.D.N.Y. Dec. 1, 2008)………………3

*Kennedy v. Adamo*, No. 02-CV-1776, 2006 U.S. Dist. LEXIS 93900, 2006 WL 3704784, at * 1 (E.D.N. Y. Sept. 1, 2006)……………………………………………………………………….3

*Laboy v. Quality Automotive Services, Inc., et al.*, Case No. 1:21-cv-02501 (NM)(RML) (E.D.N.Y)………………………………………………………………………………*passim*

*Landmark Ventures, Inc. v. Cohen*, 2014 U.S. Dist. LEXIS 165366, at *12 (S.D.N.Y. Nov. 25, 2014)……………………………………………………………………………………...……2

*Marquez v. Starrett City Assocs.*, 406 F. Supp. 3d 197, 205 (E.D.N.Y. 2017)…………….…..12

*Martin v. Giordano*, 185 F. Supp. 3d 339, 368 (E.D.N.Y. 2016)……………………………..13

*Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022)……………………………..…12

*Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008)………………………………3

*Sasmor v. Powell*, 2015 U.S. Dist. LEXIS 124461, at *6 (E.D.N.Y. Sep. 17, 2015)…………..3

*Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999)…………..…12, 13

*Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir. 1997)……………………………………...12

*Williams v. Woodhull Med. & Mental Health Ctr.*, No. 10 CV 1429 (NGG) (LB), 2012 U.S. Dist. LEXIS 21645, at *10 (E.D.N.Y. Jan. 31, 2012), *adopted by* 2012 U.S. Dist. LEXIS 21631 (E.D.N.Y. Feb. 16, 2012)………………………………………………………………...…12

*Wilmington PT Corp. v. Gray*, No. 19-CV-01675 (AMD) (JO), 2020 U.S. Dist. LEXIS 233562, at *4-5 (E.D.N.Y. Dec. 11, 2020)……………………………………………………………3

**Federal Rules**

Fed. R. Civ. P. 11(b)…………………………………………………………........2

Fed. R. Civ. P. 26….………………………………………………………...…1

Fed. R. Civ. P. 26(g)…………………………………………………………...7

Fed. R. Civ. P. 34….………………………………………………………....1, 9

Fed. R. Civ. P. 37….……………………………………………….....4, 7, 13, 14

Fed. R. Civ. P. 37(b)(2)(A)(vi)……………………………………………....7

Fed. R. Civ. P. 72(b)(2)………………………………………………...…1

Fed. R. Civ. P. 72(b)(3)……………………………………………...…3

Pursuant to Fed. R. Civ. P. 72(b)(2), Plaintiff Roberto Rodriguez, Jr. ("Rodriguez" or "Plaintiff") respectfully submits the following response to Defendants' objections (ECF No. 41) ("Defs.' Objections") to the Report and Recommendation issued by Hon. Marcia M. Henry, U.S.M.J., dated August 31, 2023 (ECF No. 37) (the "R&R"), recommending the Court grant Plaintiff's application for entry of a default judgment and other relief against Quality Automotive Services, Inc. ("Quality"), Roseanne Benjamin ("Benjamin"), Anthony Alfaro ("Alfaro"), and Hratch Ketchelian ("Ketchelian") (collectively, "Defendants").

## PRELIMINARY STATEMENT

This action has been plagued by Defendants' intractable refusal to comply with their basic discovery obligations under Fed. R. Civ. P. 26, Fed. R. Civ. P. 34, and multiple Orders issued by the Court.  Defendants' prolonged and extensive non-compliance with their discovery obligations in this action continue, despite the best efforts of the undersigned and the Court to explain Defendants' discovery obligations and identify—with specificity, through various mechanisms—the nature of Defendants' deficiencies.   These efforts were fruitless, resulting in Judge Henry issuing the instant R&R recommending Your Honor grant Plaintiff's third sanctions motion, enter default judgment against Defendants, and grant Plaintiff leave to seek damages, including attorney's fees.  See R&R.

On September 14, 2023, Defendants, through their counsel, John F. Lagan, Esq. ("Mr. Lagan"), of the Law Offices of John F. Lagan, filed objections to the R&R.[1]   See Defs.' Objections.  In their 3-page letter, Defendants do not identify any legal principle which Judge Henry purportedly misapplied in the reasoning or conclusions of the R&R, fail to cite a single source of authority in support of their objections, misapprehend the Court's basis for

---

[1] Plaintiff did not file objections to the R&R.

recommending the imposition of terminating sanctions, confuse the instant action with the *Laboy* action after incorrectly accusing the Court of same, belatedly assert facts and raise defenses that should have been levied years ago, and continue exhibit a fundamental misunderstanding of Defendants' discovery obligations.[2]  Id.  Additionally, Defendants admit liability for overtime and spread-of-hours violations—the Third, Fourth, and Fifth Causes of Action alleged by Plaintiff in the First Amended Complaint (ECF No. 19) ("FAC").[3]  See Defs.' Objections at p. 2.  For the following reasons, Plaintiff respectfully requests the Court overrule Defendants' objections and adopt the R&R in its entirety.

---

[2] As addressed in detail in the R&R, a separate wage-and-hour action is pending in this District against Defendants, captioned *Laboy v. Quality Automotive Services, Inc., et al.*, Case No. 1:21-cv-02501 (NM)(RML) (the "*Laboy* action").  In the *Laboy* action, the undersigned represents the plaintiff, and Mr. Lagan represents Defendants.

[3] Defendants' damages calculations grossly understate the damages to which Plaintiff is entitled. While the issue of damages is not material to the R&R, Defendants' objections, or Plaintiff's instant response, Mr. Lagan's representations to the Court regarding Plaintiff's damages are independently sanctionable and reflective of the pattern of intransigence exhibited by Defendants throughout this case and as described in the R&R.  Mr. Lagan provided a purported damages calculation spreadsheet for the *Laboy* plaintiff and referenced (but did not provide) a similar spreadsheet for Plaintiff.  On February 3, 2023, Mr. Lagan indicated that, based upon the spreadsheets he generated, Plaintiff was owed approximately $1,700 for unpaid overtime and spread-of-hours wages, 100% liquidated damages for those unpaid wages, and $10,000 for wage notice and wage statement violations, totaling approximately $13,500.  It is evident based upon Mr. Lagan's purported damages calculations for both Plaintiff and the *Laboy* plaintiff, that Mr. Lagan used the same assumptions in generating both calculations.  Later that day—February 3, 2023—the undersigned replied to Mr. Lagan identifying five legally unsound assumptions from the *Laboy* spreadsheets that artificially depressed Mr. Lagan's calculation of damages.  Those legally unsupportable assumptions included crediting Defendants with unpaid "coffee breaks" and retroactively applying a 1-hour-per-shift unpaid lunch break which was never noticed, offered, or taken.  Based upon Defendants' own calculations, these mistaken assumptions, if corrected, yield a materially greater damages calculation.  However, as set forth in their objections, Mr. Lagan has not modified his damages calculations and continues to assert Plaintiff is owed approximately $13,500.  See Defs.' Objections at p. 2.  Defendants continue to rely on defenses which are not, "…warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b), *see also Dimitri Enters. v. Spar Ins. Agency LLC*, No. 21-1722-cv, 2022 U.S. App. LEXIS 27930 (2d Cir. Oct. 6, 2022); *Landmark Ventures, Inc. v. Cohen*, 2014 U.S. Dist. LEXIS 165366, at *12 (S.D.N.Y. Nov. 25, 2014).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

In the interest of conserving judicial resources, Plaintiff respectfully relies upon the 'Background' Section of the R&R for a recitation of the relevant factual and procedural history. See R&R at pp. 1-4. Plaintiff further respectfully requests the Court take judicial notice of the docket in this action and, where relevant, in the *Laboy* action.

## ARGUMENT

### I.  THE R&R MUST BE REVIEWED ONLY FOR CLEAR ERROR

#### A.  The Applicable Standard of Review

Under Fed. R. Civ. P. 72(b)(3), any portion of a magistrate judge's disposition that has been properly objected to is reviewed by the district judge *de novo*. Fed. R. Civ. P (72)(b)(3). A proper objection must be specific to entitle the objecting party to *de novo* review; conclusory objections, general objections, or mere reiteration of previous arguments are improper, and when such improper objections are asserted, the Report and Recommendation is reviewed only for clear error. *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008). Any portion of a Report and Recommendation which is not specifically objected to may be adopted unless it is facially erroneous. *Sasmor v. Powell*, 2015 U.S. Dist. LEXIS 124461, at *6 (E.D.N.Y. Sep. 17, 2015). "[E]ven in a *de novo* review of a party's specific objections, the court will not consider 'arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 U.S. Dist. LEXIS 19222, at *3 (E.D.N.Y. Feb. 14, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 U.S. Dist. LEXIS 93900, 2006 WL 3704784, at * 1 (E.D.N. Y. Sept. 1, 2006)); *see also Wilmington PT Corp. v. Gray*, No. 19-CV-01675 (AMD) (JO), 2020 U.S. Dist. LEXIS 233562, at *4-5 (E.D.N.Y. Dec. 11, 2020); *Gutman v. Klein*, 2008 U.S. Dist. LEXIS 97707, at *2-4 (E.D.N.Y. Dec. 1, 2008).

### B. Defendants' Objections Misrepresent and Misunderstand the Basis for the R&R's Reasoning and Conclusion

In the instant action, Defendants fail to identify any specific portions of the R&R to which they object—primarily, because they misread the text of the R&R—that would justify a *de novo* review. Defendants identify three objections to the R&R: "i) Defendants did not default in response to Plaintiff Roberto Rodriguez's attorney's letter under date February 22, 2023[]; ii) Defendants did not falsify documents or fabricate evidence; iii) This Court did not order Defendants to produce the tow records after Defendants offered Plaintiff Roberto Rodriguez the opportunity to inspect and copy same at any time convenient to him." Defs.' Objections at p. 1. These objections are meritless and do not bear upon the R&R's reasoning or conclusions in its recommendation for the entry of a default judgment against Defendants.

### i. Defendants' First Objection Misrepresents the Application to which the R&R is Responsive

Defendants' first objection simply misidentifies the operative motion. The R&R is unequivocal—it is responsive to Plaintiff's third motion for sanctions, filed on October 27, 2022. See R&R at pp. 1 ("Before the Court is Plaintiff's third motion for sanctions, including terminating sanctions, pursuant to Fed. R. Civ. P. 37. (Mot., ECF No. 33.)", 4, 12 ("Plaintiff's unopposed third motion for sanctions at ECF No. 33 should be **granted**…"). Plaintiff's February 22, 2023, status letter—which is not a motion—is referenced only once in the R&R. Id at p. 4. The Court's imposition of sanctions is not predicated on Defendants' failure to respond to Plaintiff's February 22, 2023, status letter, but rather Plaintiff's October 27, 2022, third motion for sanctions, which Defendants failed to oppose. No part of the R&R relies upon (or even references) Defendants' "default" or failure to "oppose" Plaintiff's February 22, 2023, status letter. As Defendants' first objection relies

4

upon an incorrect presumption not tethered to the R&R's reasoning and conclusion, Defendants' first objection provides no basis for *de novo* review of any portion of the R&R.

> **ii.   Defendants' Second Objection, Asserting that Defendants did not Fabricate Evidence, is Facially Incredible, Untimely, and is not Relied upon by the Court to Reach the Reasoning and Conclusion of the R&R**

Defendants' second objection is incorrect, attempts to introduce arguments that Defendants could have—but did not—present to Judge Henry, and—even if sustained—does not alter the R&R's reasoning or conclusion. Defendants' second objection alleges, for the first time during this litigation, that the irreconcilable schedules are not false or fabricated but rather represent two sets of books—the printed schedules, for "off the books" employees, such as Plaintiff, and the handwritten schedules, for "on the books" employees, such as Noel Laboy (the *Laboy* plaintiff). Defs.' Objections at p. 2.

For several reasons, the falsity of this allegation is immediately and facially apparent. First, the representative irreconcilable schedule excerpted in the R&R identifies the *Laboy* plaintiff—a tow truck driver—on both schedules.[4]  R&R pp. 7-8. Second, the partial (inaccurate) pay records Defendants produced in this action in connection with their initial FLSA Pilot Protocol disclosures reflect that Plaintiff—a tow truck driver—was an "on the books" employee, yet Plaintiff's name appears on what Defendants now assert are the "off the books", printed schedules. The handwritten, purported "on the books" schedule excerpted in the R&R, in which Plaintiff does not appear, was produced by Defendants in this action in connection with their supplemental FLSA Pilot Protocol disclosures. Id. The printed, purported "off the books" schedules (including the schedule excerpted in the R&R),

---

[4] Though Defendants now, in their objections, hold out Laboy as an "on the books" employee, Defendants did not produce the handwritten schedules—the schedules Defendants purport to represent "on the books" employees—in the *Laboy* action.

on which Plaintiff appears and several of which establish the falsity of the produced handwritten schedules, were notably withheld from production in this action (even as partial printed schedules for the prior and subsequent workweeks were produced, only after Defendants were confronted with Plaintiff's knowledge of the existence of printed schedules). **As the Court recognized, but for the undersigned's representation of the *Laboy* plaintiff, Defendants' deception may have remained undiscovered**. Id at p. 8, fn.3. Third, Defendants produced W-2s—but no payroll records—in the *Laboy* action for the *Laboy* plaintiff, yet his name appears on both schedules. Defendants' explanations for the irreconcilable schedules are not credible; however, assuming *arguendo* Defendants' assertions are given full credence, Defendants have necessarily engaged in obfuscation, concealment, and selective, intentionally deceptive production.

Even if Defendants' objections to the fraud and fabrication allegations had any merit—which they do not—Defendants have long since waived their right to raise them. As early as July 20, 2021, and continuing throughout the litigation thereafter, the undersigned raised with Mr. Lagan the various aspects of the documents produced suggesting fraudulence or fabrication. See Plaintiff's first motion for sanctions (ECF No. 27) at p.1. Plaintiff's attempts to interrogate those documents through discovery were stymied by Defendants' discovery evasion and delay. Id. Defendants had ample opportunity to introduce any evidence or suggest an alternative explanation for the irreconcilable documents between July 20, 2021, and the issuance of the R&R on August 31, 2023, yet

Defendants failed to do so.[5]  Defendants were afforded opportunities to present to the Court their purported alternative explanation for the irreconcilable documents in their opposition to Plaintiff's first motion for sanctions (ECF No. 28), during the hearing on October 6, 2022 (ECF No. 32), in response to Plaintiff's third motion for sanctions (Defendants did not file written opposition), during the hearing on December 6, 2022 (ECF No. 35), or at any point thereafter prior to the issuance of the R&R.  At the December 6, 2022 hearing, the undersigned handed up to the Court copies of the irreconcilable schedules produced independently in the *Laboy* and the instant actions action—identifying the schedules by Bates stamp numbers and dates—and explained to the Court the nature of the apparent fraud.  Id at 6:11-7:24. Although the Court provided Mr. Lagan with an opportunity to respond, Mr. Lagan did not address the apparent fraud at all.  Id at 7:25-9:4.

In recommending the entry of a default judgment against Defendants, the R&R's reasoning and conclusion do not depend on Defendants' fraudulence or fabrication of documents but rather on Defendants' continued non-compliance with Court's discovery Orders.  R&R at p. 10.  The R&R recommends the imposition of default judgment sanctions against Defendants pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi).  Id at p. 5.  The Court does not rely on Fed. R. Civ. P. 26(g) or its inherent authority, but rather the four-factor test (plus prejudice) used in assessing sanctions under Fed. R. Civ. P. 37.  Id at pp. 6-11.  Of the four factors discussed in the R&R, only two—the willfulness of Defendants non-compliance and

---

[5] Plaintiff speculates Defendants were reticent to proffer their "off the books" argument earlier in the litigation, as—if true—it potentially exposes Defendants to criminal and tax-related liabilities.  That Defendants first raise this argument now—in an objection to an R&R recommending the imposition of case terminating sanctions filed over two years after the undersigned first brought to Mr. Lagan's attention the apparent fraudulence of the schedules produced by Defendants—further exemplifies Defendants' pattern of selective, tailored disclosure.

the efficacy of lesser sanctions—address Defendants' potential fraud or fabrication of documents in its analysis.  Id at pp. 6-10.  Based upon the Court's recitation of Defendants' failure to meet discovery deadlines, comply with Court Orders, partial and selective production, and the concealment and withholding of records, it is evident that the Court did not rely upon Defendants' apparent production of fraudulent or fabricated documents to reach determination that Defendants willfully failed to comply with their discovery obligations.  Id at pp. 6-9.  Similarly, the Court's description of the inefficacy of lesser sanctions due to Defendants' repeated non-compliance after multiple warnings of sanctions, Defendants' obfuscation of documents, and the prejudice suffered by Plaintiff as a result of Defendants' failure to abide by Court Orders do not require the element of Defendants' apparent fabrication of documents for the imposition of terminating sanctions.  Id at pp. 9-10.  Evaluating the duration of Defendants' non-compliance, the Court specifically noted that, even if giving credit to the apparently fabricated schedules and late-discovered crates of documents, Defendants failed to meet their discovery obligations.   Id at p. 9.  Defendants' second objection does not identify any portion of the R&R meriting *de novo* review.

### iii.   Defendants' Third Objection—Asserting that this Court was Obligated to Provide them with an Order to Produce the Tow Records—Misunderstands the Court's Basis for the R&R's Reasoning and Conclusion and Defendants' Discovery Obligations

Defendants' third objection is incorrectly predicated on the belief that the Court recommended entry of a default judgment against Defendants because of their failure to produce tow records and improperly attempts to shift Defendants' discovery obligations to the Court.  As set forth in the R&R, the Court recommended the imposition of terminating

sanctions against Defendants for their prolonged and protracted failure to comply with their discovery obligations and multiple Court Orders, irrespective of Defendants' (sanctionable) failure to produce the tow records.[6]  Defendants' third objection does not bear upon the R&R and instead reflects a continued lack of understanding—despite multiple explanatory efforts by the Court—of the Federal Rules, the Court's Orders, and Defendants' obligations pursuant to same.

The R&R states that Defendants' non-compliance commenced with their violation of Judge Reyes' FLSA Pilot Protocol Order in June 2021.  Id at p. 10.  In the R&R, the Court explicitly determined that even if Defendants were credited with "producing" the tow records in December 2022—when Defendants first disclosed their existence to the Court and to the undersigned—Defendants' production did not comply with the FLSA Pilot Protocol Order, 18 months after compliance was due.  Id.  The Court cites the litany of Defendants' discovery failures predating Defendants' disclosure of the "approximately eighteen (18) crates" of tow records, including Defendant Benjamin's acknowledgment, at

---

[6] It is not clear why Defendants believe they are entitled to withhold production of Plaintiff's tow records absent an Order from this Court.  The issue in dispute—whether Defendants' obligations under Fed. R. Civ. P. 34 are satisfied by inviting the undersigned to inspect approximately 10,000-15,000 records to identify the documents relevant to the plaintiff's claims or whether Defendants are obligated to identify the tow records specific to the plaintiff, Bates stamp, and produce those records—is identical in both actions.  Judge Levy recently held that Defendants' invitation to inspect did not comply with Fed. R. Civ. P. 34.  *Laboy* ECF No. 26 at pp. 6-9.  Even if Defendants are not precluded from relitigating the issue, they are asking the Court to reach an inconsistent holding with identical facts and no intervening change in law.  More pertinent to the instant matter, this issue should have been raised and resolved months or years prior, but adjudication of this issue was impossible before Defendants disclosed the existence of these documents on December 9, 2022, after a hearing on Plaintiff's third motion for sanctions.

the October 6, 2022 hearing, that requested documents existed and were not produced.[7]  Id

at pp. 2-4.  In addition to the FLSA Pilot Protocol Order, the R&R describes Defendants'

failure to comply with the Court's October 6, 2022 Minute Entry and Order, which was

issued by the Court immediately after the hearing held by the Court—with the individual

Defendants present—to address Plaintiff's complaints of Defendants' continued discovery

non-compliance.  Id at p. 7.

At the December 6, 2022, hearing—held to address Plaintiff's third motion for

sanctions—Mr. Lagan did not muster a defense to Defendants' continued non-compliance.

Mr. Lagan responded to the undersigned's description of Defendants' continuing non-

compliance by stating: "Your Honor, I don't have much to defend with. We produced a

number of documents for Plaintiff Rodriguez, and to be honest with you, if nothing more is

forthcoming, then we're not -- my clients are not going to be able to produce any more

documents.  If they haven't done it by now, they're not going to do it."  ECF No. 35 at 8:22-9:2.

Three days after the hearing, Defendants filed the letter disclosing the existence 18 crates of tow

records in Quality's storage facility.  ECF No. 34.  Although on October 6, 2022, Judge Henry

explained Defendants' discovery obligations to the individual Defendants and Mr. Lagan in great

detail, Defendants continue to require the Court to hold hearings and issue Orders—with which

---

[7] The referenced tow records were apparently stored in "[Defendant] Quality's storage facility".
See ECF No. 34.  This storage facility is the site at which Quality—a small company, according
to Defendants—maintained its historical records relating to work performed by its employees.
Id.  Defendants first conducted a search of this facility over 19 months after the FLSA Pilot
Protocol Order was issued, over 9 months after Plaintiff served his discovery demands, and over
six weeks after Plaintiff filed his **third** motion for sanctions.

they do not comply—mandating the production of indisputably relevant and material discovery.[8]
Because Defendants' third objection does not rest upon any specific portion of the R&R which
the Court relied upon in its reasoning or conclusion, there is no portion of the R&R to which
Defendants are entitled *de novo* review.

The R&R applies the correct legal standards and reasoning, cites to applicable precedent,
accurately cites the record, and reaches a conclusion that flows from its analysis of the law and
facts.  As such, the R&R is devoid of clear error and should be adopted in full.  However, even if
the Court construes Defendants' objections to require *de novo* review of any portion of the R&R,
the Court should apply the same reasoning and reach the same conclusion as the Magistrate
Judge and adopt the R&R in its entirety.  This case is remarkably similar to *Aristidou*—from
which the Court cited liberally throughout the R&R—where the District Court adopted the
Magistrate Judge's report and recommendation for entry of a default judgment after prolonged
discovery non-compliance in an FLSA/NYLL action.[9]  R&R at pp. 5, 6, 8, 9; *see Aristidou v.*

---

[8] Throughout the *Laboy* action, the Court admonished Defendants for their repeated discovery
violations.  On November 28, 2022, Hon. Robert M. Levy, U.S.M.J., held an in-person
conference, with the individual Defendants present, to address Defendants' myriad discovery
deficiencies and ensure Defendants understood their discovery obligations.  Defendants
continued non-compliance in the *Laboy* action resulted in Judge Levy imposing sanctions against
Defendants.  *Laboy* ECF No. 26.  Plaintiff references the *Laboy* action not for Defendants'
substantive discovery non-compliance in that action but to establish that Defendants (also
represented by Mr. Lagan in the *Laboy* action) were advised by a second federal Magistrate
Judge in this District of Defendants' discovery obligations and subsequently continued not to
comply with those obligations.  Defendants' assertions that the R&R "rel[ied] on Judge Levy's
reasoning" in reaching its decision to recommend the imposition of a default judgment against
Defendants is absurd and belied by the extensive analysis performed by Judge Henry regarding
Defendants' non-compliance **exclusively in this action**.  See Defs.' Objections at p. 2.

[9] During the November 28, 2022 hearing in the *Laboy* action, the undersigned provided Mr.
Lagan with a physical copy of Judge Reyes' Report and Recommendation in *Aristidou*
(subsequently adopted), and during the December 6, 2022 hearing in the instant action, with Mr.
Lagan present, the undersigned recited the *Aristidou* case caption and description.  See ECF No.
35 at 12:8-14:21.

*Aviation Port Servs., LLC*, No. 18-CV-4040 (MKB) (RER), 2020 U.S. Dist. LEXIS 31348 (E.D.N.Y. Feb. 21, 2020), *adopted by* 2020 U.S. Dist. LEXIS 31348 (E.D.N.Y. Feb. 21, 2020).

## II.   DEFENDANTS WERE AFFORDED AMPLE NOTICE OF THE SANCTIONS SOUGHT AND AN OPPORTUNITY TO BE HEARD

### A.   Due Process Prerequisites for the Imposition of Case Terminating Sanctions

As Defendants are represented by counsel, they are not entitled to a liberal construction of their papers to raise the strongest arguments suggested.  *See Marquez v. Starrett City Assocs.*, 406 F. Supp. 3d 197, 205 (E.D.N.Y. 2017); *see also Williams v. Woodhull Med. & Mental Health Ctr.*, No. 10 CV 1429 (NGG) (LB), 2012 U.S. Dist. LEXIS 21645, at *10 (E.D.N.Y. Jan. 31, 2012), *adopted by* 2012 U.S. Dist. LEXIS 21631 (E.D.N.Y. Feb. 16, 2012).  A party's failure to timely object to a Report and Recommendation operates as a waiver of further judicial review of that decision.  *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).  Defendants' objections obliquely infer that Defendants were not provided with sufficient opportunity to respond to the arguments advanced by Plaintiff.  *See generally* Defs.' Objections.  Although Defendants' failure to specifically object on this ground is fatal to their entitlement to further judicial review, affording Defendants' objections a liberal construction to which they are not entitled, to the extent Defendants purport to raise a due process objection, that objection must be overruled.

Prior to the imposition of sanctions, due process requires that the party against whom sanctions is sought be provided with notice and an opportunity to be heard.  *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir. 1997).   The notice requirement is met when, at minimum, "[T]he subject of a sanctions motion [is] informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense."  *Schlaifer Nance & Co. v.*

*Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999).  An evidentiary hearing need not be held to provide sufficient opportunity to be heard; the opportunity to submit written briefs may be sufficient, although oral argument is the preferred method in this circuit.  *Id; see also Martin v. Giordano*, 185 F. Supp. 3d 339, 368 (E.D.N.Y. 2016).

> **B.  Defendants were Repeatedly Apprised that Plaintiff Sought—and the Court would Consider—Entry of a Default Judgment against them Pursuant to Fed. R. Civ. P. 37 for their Continued Discovery Non-Compliance**

Defendants were provided with ample notice that Plaintiff sought (and the Court was considering imposing) sanctions pursuant to Fed. R. Civ. P. 37 for persistent non-compliance with their discovery obligations, specifying Defendants' deficiencies.  Prior to the issuance of the R&R, Plaintiff provided Defendants notice of his intent to seek sanctions pursuant to Fed. R. Civ. P. 37 through the following methods: (1) Plaintiff's July 1, 2022 "good faith" deficiency letter (ECF No. 27-3); (2) Plaintiff's first motion for sanctions (ECF No. 27); (3) the August 30, 2022 Court hearing (ECF No. 31); (4) Plaintiff's September 13, 2022 "good faith" deficiency letter (ECF No. 33-2); and (5) the October 6, 2022 hearing at which Plaintiff orally renewed his motion for sanctions (not specifically citing Rule 37, but extensively discussing Defendants' discovery deficiencies—with the individual Defendants present—including those identified in Plaintiff's September 13, 2022 "good faith" deficiency letter, as well as discussion of potential entry of default judgment for discovery non-compliance) (ECF No. 32).  On October 27, 2022, after Defendants persistent non-compliance, Plaintiff filed the operative motion—moving for the third time for sanctions pursuant to Fed. R. Civ. P. 37.  ECF No. 33.  Plaintiff's third motion for sanctions identifies Fed. R. Civ. P. 37 as the source of authority for the sanctions he seeks (both in the text of the motion and through incorporation by reference of Plaintiff's first motion for sanctions) and details the specific continuing discovery failures, attaching Plaintiff's September

13, 2022 "good faith" deficiency letter as an exhibit.  Id; ECF No. 33-2.  In the R&R, the Court recommended the imposition of a default judgment against Defendants as a sanction, pursuant to Fed. R. Civ. P. 37.  R&R at p. 11.  Defendants cannot credibly assert they lacked sufficient notice of the authority or basis for the R&R's recommendation of the imposition of sanctions.

### C.  The Court Afforded Defendants Multiple Opportunities, in Writing and through Oral Argument, to be Heard in Opposition to the Imposition of Case Terminating Sanctions

Defendants were provided multiple opportunities to be heard in defense of Plaintiff's third motion for sanctions.  Defendants' first opportunity to offer an opposition was to submit a written response to Plaintiff's motion within seven (7) days from the date Plaintiff's motion was filed, pursuant to Section V.B.1.b. of the Individual Practice Rules of Magistrate Judge Marcia M. Henry (last updated July 12, 2022).[10]   November 3, 2022—Defendants' opposition deadline—passed without any opposition to Plaintiff's motion.  On November 7, 2022, Hon. Hector Gonzalez, U.S.D.J., issued an Order referring Plaintiff's third motion for sanctions to Judge Henry for a Report and Recommendation.  See Docket Entry of November 7, 2022 Order Referring Motion.  The Order referring Plaintiff's motion for a Report and Recommendation did not stir Defendants to oppose.  On November 10, 2022, Judge Henry issued a Scheduling Order for an in-person conference on December 6, 2022.  See Docket Entry of November 10, 2022 Scheduling Order.  This too did not prompt Defendants to interpose any opposition to Plaintiff's third motion for sanctions at any point between the issuance of the Scheduling Order and the conference on December 6, 2022.  At the December 6, 2022 hearing, Plaintiff's third motion for sanctions prompted by Defendants' discovery failures was the sole topic of discussion.  ECF No.

---

[10] The docket entry designating the reassignment of this case to Judge Henry directed the parties to download and review the assigned judges' individual practice rules.  See June 14, 2021 Docket Entry.

35.   After noting Defendants' failure to oppose Plaintiff's third motion for sanctions, Judge Henry invited Mr. Lagan—on behalf of Defendants—to oppose Plaintiff's motion.  Id at 8:12-17. This colloquy with the Court followed:

> MR. LAGAN: Your Honor, I don't have much to defend
> with. We produced a number of documents for Plaintiff
> Rodriguez, and to be honest with you, if nothing more is
> forthcoming, then we're not -- my clients are not going to
> be able to produce any more documents.  If they haven't
> done it by now, they're not going to do it.  So –
>
> THE COURT: That sounds like non-opposition to me.
>
> MR. LAGAN: I wish I had some.

Id at 8:22-9:4.

Three days after the conference, Mr. Lagan filed substantively identical letters on the dockets of the instant action and the *Laboy* action, disclosing the existence of (but not producing) 18 crates of tow records.  ECF No. 34; *Laboy* ECF No. 22.  Other than disclosing the existence of the tow records and referencing additional dispatch sheets, this letter did not address most of the numerous other deficiencies explicitly identified in Plaintiff's September 13, 2022 "good faith" deficiency letter, which was attached as an exhibit to Plaintiff's third motion for sanctions.[11]  See ECF Nos. 33; 33-2.  Between December 9, 2022, and the R&R issued on August 31, 2023, Defendants filed no response to Plaintiff's third motion for sanctions—or any other papers—with this Court.  In light of Defendants' failure to file opposition papers at any point before the December 6, 2022 conference and express affirmation of non-opposition at the December 6, 2022 conference, Defendants were offered—and declined—ample opportunity to

---

[11] Defendants did not respond to this letter.

be heard, satisfying all due process requirements.  Defendants cannot now claim they were not afforded due process when they did not make, at any point in the nearly nine succeeding months, any effort or request to present further "arguments, case law and/or evidentiary material" to the Court, and their underlying non-compliance continued.  Particularly considering the Court's October 6, 2022 warning that continued discovery non-compliance would result in the entry of a default judgment against Defendants, Defendants were aware of the consequences of failing to respond to Plaintiff's third motion for sanctions asserting a pattern of continued discovery non-compliance.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court overrule Defendants' objections and adopt the Report and Recommendation issued by Marcia M. Henry, U.S.M.J., on August 31, 2023, in its entirety.

Dated: September 19, 2023
New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Justin Ames*
Justin Ames
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
*Attorneys for Plaintiff*

16