UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERTO RODRIGUEZ, JR.,

        Plaintiff,

v.

QUALITY AUTOMOTIVE SERVICES,
INC., ROSEANNE BENJAMIN, ANTHONY
ALFARO, and HRATCH KETCHELIAN,

        Defendants.

**MEMORANDUM & ORDER**
21-CV-00410 (HG) (MMH)

**HECTOR GONZALEZ**, United States District Judge:

On October 27, 2022, Plaintiff Rodrigo Rodriguez, Jr filed a third motion for sanctions

against Defendants Quality Automotive Services, Inc. ("Quality Automotive"), Roseanne

Benjamin, Anthony Alfaro, and Hratch Ketchelian in this wage and hour action (collectively,

"Defendants"). ECF No. 33. On August 31, 2023, Magistrate Judge Marcia M. Henry

recommended: (i) granting Plaintiff's motion for sanctions and entering default judgment

against Defendants pursuant to Federal Rule of Civil Procedure 37, and (ii) granting Plaintiff

leave to seek damages, including attorneys' fees ("R&R"). ECF No. 37.

Presently before the Court is Defendants' objection to the R&R pursuant to Federal Rule

of Civil Procedure 72(b). For the reasons set forth below, the R&R is adopted in its entirety.

## BACKGROUND

The Court assumes familiarity with the facts and history of this litigation and only

provides a summary of the pertinent facts and procedural history. *See Rodriguez v. Quality*

*Automotive Servs., Inc.*, No. 21-cv-410, 2023 WL 5621031 (E.D.N.Y. Aug. 31, 2023).

This case arises from alleged violations of the Fair Labor Standards Act ("FLSA") and

New York Labor Law ("NYLL") for unpaid wages. Plaintiff is a tow truck driver who was

allegedly employed by Defendants from March 2017 to July 17, 2020.  ECF No. 19 at 3, 7.  On

January 25, 2021, Plaintiff filed the instant action against Defendants alleging failure to:  (i) pay

minimum wage; (ii) pay overtime wage; (iii) provide wage notices; (iv) pay spread of hours; and

(v) provide wage statements.  *See generally* ECF No. 1.

On April 20, 2021, the Clerk of Court issued certificates of default after Defendants

failed to answer or otherwise appear.  ECF No. 11.  On April 26, 2021, Defendants filed an

answer.  ECF No. 12.  On May 5, 2021, the Court ordered the parties to exchange limited

discovery (the "Discovery Order") and referred the parties to mediation.[1]  ECF No. 14.  The

Discovery Order specifically directed Defendants to produce time sheets and/or other time

records and payroll records, written statements of policy and workplace rules, documentary

evidence to support whether personal liability should (or should not) extend to individual

defendants, and certain financial documentation.  *Id.* at 2.  On September 17, 2021, Plaintiff

filed an amended complaint.  ECF No. 19.  After attempting to settle the matter, in May 2022 the

Court ordered formal discovery and adopted the parties' proposed discovery plan.  ECF No. 26.

On August 8, 2022, Plaintiff filed his first motion for sanctions against Defendants,

alleging that Defendants had not produced any documents since the parties completed limited

discovery and that the work schedules and invoices Defendants did produce were fabricated.  *See*

ECF No. 27 at 2 ("Since July 20, 2021, Defendants have not produced any discoverable material

or information, frustrating Plaintiff's ability to test the validity of the schedules and invoices

produced by Defendants and otherwise prosecute his case.").  Plaintiff requested terminating

sanctions pursuant to Rule 37.  *Id.* at 2–3.  On August 16, 2022, Defendants filed a response

---

[1]      The parties ultimately reported that the mediation was unsuccessful.  *See* ECF Entry
Report of Mediation Unsettled dated July 28, 2021.

stating that Plaintiff's claim that the invoices are fabricated is a question of fact reserved for trial, and that Quality Automotive did not have sufficient staff to collect and produce the documents Plaintiff has requested.  ECF No. 28 at 2.  On August 30, 2022, the Court heard oral argument on Plaintiff's motion for sanctions and denied it without prejudice because Defendants produced documents immediately before the conference.  ECF No. 31 at 12:3–17 (Transcript).  The Court forewarned the parties, however, "that failure to comply with their discovery obligations could result in adverse consequences, including but not limited to monetary and other sanctions."  Text Order dated August 30, 2022.

On October 6, 2022, during an in-person status conference, Plaintiff moved for sanctions for the second time.  *See* Minute Entry and Order dated October 6, 2022.  Plaintiff alleged that Defendants produced documents that were responsive to Plaintiff's discovery requests, including work schedules, in another matter involving a different plaintiff—*Laboy v. Quality Automotive Services, Inc.*, No. 21-cv-2501 (E.D.N.Y.)—but had failed to produce those documents in the instant action.  *Id.*  The Court reminded Defendants of their discovery obligations, ordered Defendants to produce the responding documents, and once again denied Plaintiff's motion for sanctions "with leave to renew after the parties file their next joint status report."  *Id.*

On October 27, 2022, Plaintiff filed his third motion for sanctions ("Third Motion for Sanctions").  ECF No. 33.  Plaintiff alleges that the parties conferred following the October 6, 2022, conference regarding Defendants' deficiencies and despite Plaintiff's deficiency letters, Defendants have failed to produce fully the requested documents.  *Id.*  Plaintiff further alleges that the work schedules produced in the *Laboy* action "concretely establish that Defendants' [] handwritten schedules for identical time periods—produced in this action on August 30, 2022— are fraudulent."  *Id.* at 3.  On December 6, 2022, the Court held oral argument.  Plaintiff

submitted hard copies of two different versions of the relevant work schedules for the same time period of February 2020 through October 2020, for the Court's review.  ECF No. 35 at 6:16–8:3.

On December 9, 2022, three days after the hearing, Defendants notified Plaintiff that it had located "18 crates of responsive records pertaining to tow jobs performed by Quality Automotive's tow truck drivers from 2015 through 2020, and invited Plaintiff[] to inspect these records."  ECF No. 37 at 4; ECF No. 34 (Defendant's letter noting additional disclosure documents).  As of February 22, 2023, Defendants have not produced the alleged responsive records (the "Tow Records") or any other documents since the Third Motion for Sanctions was filed on October 27, 2022.  ECF No. 36 (Plaintiff's Status Report).

On August 31, 2023, the Court issued the R&R recommending that:  (i) Plaintiff's Third Motion for Sanctions be granted and default judgment be entered against Defendants, and (ii) Plaintiff be granted leave to seek damages, including attorney's fees.  ECF No. 37.  On September 14, 2023, Defendant timely filed an objection to the Court's R&R.  ECF No. 41.  On September 19, 2023, Plaintiff filed an opposition to Defendants' objection.  ECF No. 42.

## LEGAL STANDARD

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district judge reviewing a magistrate judge's order on a dispositive motion must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").  "To determine whether a magistrate judge's ruling regarding discovery sanctions is dispositive, the Court must look to the effect of the sanction—if imposed."  *Humphreys v. New York City Health and Hosps. Corp.*, No. 16-cv-9707, 2023 WL 155446, at *2 (S.D.N.Y. Jan. 11, 2023).

4

"The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *See Goonewardena v. N. Shore Long Island Jewish Health Sys.*, No. 11-cv-2456, 2013 WL 1211496, at *5 (E.D.N.Y. Mar. 25, 2013); *see also* 28 U.S.C. § 636(b)(1)(C). In considering objections to a report and recommendation, the district court "will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).

Rule 37 of the Federal Rules of Civil Procedure provides that a Court may "render[] a default judgment against" a party for failure to obey discovery orders. Fed. R. Civ. P. 37(b)(2)(v). "Discovery sanctions under [Rule 37] are deterrents (specific and general) meant to punish a recalcitrant or evasive party." *In re Gravel*, 6 F.4th 503, 515 (2d Cir. 2021). "In imposing Rule 37 sanctions, courts properly consider various factors, including (1) the willfulness of the noncompliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017). Courts also consider "prejudice to the party moving for sanctions." *Aristidou v. Aviation Port Servs., LLC*, No. 18-cv-4040, 2020 WL 10317398, at *12 (E.D.N.Y. Feb. 21, 2020). "No single factor controls, and it is not an abuse of discretion for a district court to order a dispositive sanction even when not every factor weighs against the party to be sanctioned." *Id.*

**DISCUSSION**

As an initial matter, the Court must determine whether the R&R is dispositive.  Here,

Judge Henry's recommendation that the Court enter default judgment against Defendants has the

effect of terminating the action and is therefore dispositive.  Accordingly, the Court reviews *de*

*novo* "any part of the [R&R] that has been properly objected to."  Fed. R. Civ. P. 72(b).

Defendants object to the R&R on the basis that Defendants:  (i) did not leave Plaintiff's

February 22, 2023, Status Report unopposed; (ii) did not fabricate documents; and (iii) are

prepared to cull and produce the Tow Records but argue that the Court did not order Defendants

to produce them.  *See generally* ECF No. 41.  Defendants further allege that the R&R was

"sudden" and "shocking."  ECF No. 41 at 2.  The Court has reviewed the factual and procedural

record *de novo*, considered Defendants' objection and Plaintiff's opposition, and adopts the R&R

in its entirety.

## I.      Defendants' First Objection Does Not Alter the Court's Finding That Terminating Sanctions Are Appropriate

In the R&R, the Court found that the record supports a finding of willful noncompliance

with the Court's discovery orders, and that Defendants were not responsive to proposed lesser

sanctions.  *See* ECF No. 37 at 9 ("Defendants' obfuscation of relevant documents and production

of purportedly fabricated records, in violation of numerous Court orders and basic discovery

obligations, is the sort of extreme situation that warrants terminating sanctions.").  The Court

further found that Defendants' noncompliance has continued for over six months, and that they

were sufficiently notified that default judgment could be entered against them if they failed to

produce responsive documents.  *Id.* at 10–11.  Defendants argue that because the Court did not

set a briefing schedule in response to Plaintiff's February 22, 2023, Status Report regarding

Plaintiff's position on its third motion for sanctions, Defendants did "not default."  ECF No. 41

at 1 ("Defendants did not leave Plaintiff's [February 22, 2023, Status Report] unopposed; the

Court did not set forth a briefing schedule as it routinely does. Defendants fully intended to

context[ualize] Plaintiff's allegations and Defendants in fact did produce for inspection the

entirety of Defendants' 'tow job records' as requested.").

The fact is that Plaintiff's Third Motion for Sanctions has been pending since October 27,

2022, and Defendants have not filed an opposition to the motion itself. ECF No. 33. The

Court's decision to recommend granting Plaintiff's Third Motion for Sanctions is not predicated

on Defendants' failure to respond to Plaintiff's February 22, 2023, Status Report. The Court

detailed Defendants' repeated failures to comply with their discovery obligations and obey

discovery orders including, among other things: (i) failure to comply with the Court's May 2021

Discovery Order; (ii) failure to comply with the Court's October 6, 2022, order directing

Defendants to produce responsive documents from *Laboy* to Plaintiff; and (iii) identifying

approximately 18 crates of records pertaining to tow jobs well after the close of fact discovery in

December 2022. ECF No. 37 at 6–9. Judge Henry concluded—and the Court agrees—that

"[g]iven the *repeated* violations and examples of noncompliance with [the] Court's Orders, the

element of willfulness has been clearly established." *Id.* at 9 (emphasis added). Accordingly,

upon *de novo* review of the factual and procedural record, the Court finds Defendants' first

objection to be unmeritorious and terminating sanctions to be appropriate.

## II. Defendants' Second Objection Does Not Alter the Court's Finding That Terminating Sanctions Are Appropriate

In the R&R, the Court states that "Defendants may have manipulated or fabricated

documents in direct contravention of the Court's oral order at the October 6, 2022 hearing."

ECF No. 37 at 7. The Court substantiates its statement by providing examples of the "two

different versions of work schedules for the period between February 2020 through October

2020." *Id.* In the handwritten version of the schedules produced in the instant action, Plaintiff's name is not listed. *Id.* In the typewritten version of the schedules produced in the *Laboy* action, Plaintiff's name *is* included. *Id.* Judge Henry found that "[c]oncealing some records, producing conflicting handwritten schedules, and withholding other schedules from the same time period support a finding that Defendants acted willfully in their noncompliance of court orders to produce responsive documents," and notes that "[t]his egregious conduct might have gone undiscovered if Plaintiff's counsel was not counsel of record in this case and the *Laboy* action." *Id.* at 8, n.3. Other than a conclusory argument that "Defendants did not falsify documents or fabricate evidence," Defendants do not provide an explanation for their failure to produce the typewritten versions of the schedules in the instant action prior to Judge Henry directing them to do so on October 6, 2022. ECF No. 41 at 2. The Court need not opine on whether the handwritten work schedules were fabricated because it has not itself inspected the records. Nevertheless, the Court holds that in recommending entry of a default judgment against Defendants, Judge Henry was primarily concerned with Defendants' continued non-compliance with the Court's discovery orders. ECF No. 37 at 9. In other words, whether or not the work schedules were "fabricated," Defendants had nevertheless failed to produce responsive versions of documents in the instant action, and may not have done so if Plaintiff had not raised the issue in October 2022. Accordingly, upon *de novo* review of the factual and procedural record, the Court finds Defendants' second objection to be unmeritorious and terminating sanctions to be appropriate.

III.    **Defendants' Third Objection Does Not Alter the Court's Finding That
        Terminating Sanctions Are Appropriate**

Defendants argue that Judge Henry did not explicitly order Defendants to produce the

Tow Records and that it made the Tow Records available to Plaintiff for inspection.  ECF No. 41

at 1, 3.

On December 9, 2022, three months after the close of fact discovery on August 31, 2022,

*see* ECF No. 26, Defendants notified Plaintiff that it had located "18 crates of [responsive]

records pertaining to tow jobs performed by [Quality Automotive']s tow truck drivers" from

2015 through 2020, and invited Plaintiff to inspect these records.  ECF No. 34 at 1.  On February

22, 2023, Plaintiff filed a status report explaining that the crates contained a total of

approximately 10,000-15,000 documents, and stating that Defendants "offer to inspect was not

compliant with Defendants' discovery obligations."  ECF No. 36 at 2.  Plaintiff further alleged

that Defendants had not specifically identified which of the documents were responsive to

Plaintiff's demands.  *Id.* at 3.  In the R&R, Judge Henry noted that "Defendants had not

produced the alleged responsive [Tow Records] or any other documents since the [Third Motion

for Sanctions] was filed on October [22], 2022."  ECF No. 37 at 4.  Whether Judge Henry

explicitly directed Defendants to produce the Tow Records is immaterial:  Defendants knew they

had an obligation to produce documents that are clearly responsive to Plaintiff's document

requests, and failed to do so.  Rule 34 of the Federal Rules of Civil Procedure "provides that, in

responding to requests for production of documents, the responding party must produce

documents as they are kept in the usual course of business or must organize and label them to

correspond to the categories in the request."  *Excellent Home Care Servs., LLC v. FGA, Inc.*,

No. 13-cv-5390, 2017 WL 9732082, at *4 (E.D.N.Y. June 5, 2017).  As cautioned by Plaintiff in

his February 22, 2023, Status Report (and by the court in *Laboy*), Rule 34 prohibits Defendants

9

from "simply dumping large quantities of unrequested materials onto the discovering party along with the items sought."  *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 410 (S.D.N.Y. 2009). Accordingly, the Court finds Defendants' argument that the Court did not explicitly order them to produce the responsive documents to be unpersuasive.

In any event, Judge Henry did not recommend granting Plaintiff's Third Motion for Sanctions solely on account of Defendants' failure to produce the Tow Records.  The Court finds that the recommendation to impose sanctions was not predicated on Defendants' failure to produce the Tow Records but rather, as discussed previously, Defendants' repeated failures to comply with discovery obligations over the course of the entire litigation.  Accordingly, upon *de novo* review of the factual and procedural record, the Court finds Defendants' third objection to be unmeritorious and terminating sanctions to be appropriate.

## IV.    Defendants Were Afforded Sufficient Notice

Defendants allege that the R&R was "sudden" and "shocking."  ECF No. 41 at 2.  The Court disagrees.

In determining whether to exercise its discretion to enter default judgment, courts consider "whether the non-compliant party had been warned of the consequences of noncompliance."  *Aristidou*, 2020 WL 10317398, at *12.  Defendants were warned repeatedly that failure to comply with discovery obligations could result in default judgment.  On August 30, 2022, Defendants were warned "that failure to comply with their discovery obligations could result in adverse consequences, including but not limited to monetary and other sanctions."  Text Order dated August 30, 2022.  On October 6, 2022, the Court explicitly warned Defendants that "what has been going on with the lack of discovery in this case is absolutely unacceptable."  The Court further warned that potential sanctions could include entry of a default judgment:  "[T]he

Court would find as a matter of law that the Plaintiff has proven their case and that you would be liable for damages.  Meaning rather than scrambling to find documents to turn over, you'd be scrambling to pay a money judgment." ECF No. 32 at 9:9–10:2.  Notably, this is Plaintiff's *third* motion for sanctions.  Accordingly, the Court finds that Defendants have repeatedly been made aware of their deficiencies and have sufficiently been warned of the consequences of noncompliance.

## CONCLUSION

For the reasons set forth above, the Court adopts the R&R in its entirety.  Plaintiff's motion for sanctions is GRANTED, default judgment is entered against Defendants, and Plaintiff is granted leave to seek damages.  Plaintiff is directed to file a motion for damages, including attorneys' fees, by October 12, 2023.  Defendants' opposition is due by November 2, 2023. Unless otherwise requested by the Court, there will be no replies.

SO ORDERED.


*/s/ Hector Gonzalez*_____
HECTOR GONZALEZ
United States District Judge

Dated:  Brooklyn, New York
        September 21, 2023

11